THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN: 256535)
18881Von Karman Avenue, Suite 850
Irvine, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Email: Cameron@sehatlaw.com

Attorney for Plaintiff, Jovane Leonard

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOVANE LEONARD, individually,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF SANTA MONICA, a governmental entity; and DOES 1 through 10, individually,**<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Unreasonable Search and Seizure – Excessive Force - (42 U.S.C. § 1983)**<br>2. **Failure to Train-Municipal Liability (42 U.S.C. § 1983)**<br>3. **Municipal Liability for Custom, Policy etc.- *Monell* (42 U.S.C. § 1983)**<br>4. **Negligence (State)**<br>5. **Battery (State)**<br>6. **Intentional Infliction of Emotional Distress (State)**<br>7. **False Arrest/False Imprisonment (State)**<br>8. **Violation of the Bane Act (Cal. Civil Code §52.1)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Jovane Leonard ( hereinafter referred to as "Plaintiff" or "Mr. Leonard") upon information and belief, alleges the following:

1

## INTRODUCTION

1. This case challenges the unjustified seizure of Mr. Leonard by City of Santa Monica police officers and the wrongful attack and mauling by a K-9 that caused permanent injuries to his right leg. The K-9 dog was handled by DOE ONE (1), a Police Officer K-9 handler from the City of Santa Monica Police Department. DOES TWO (2) through DOES TEN (10) are officers that participated or failed to intervene in the bodily harm at the hands of officers, the grueling mauling by the K-9, and unfounded arrest, booking, and false imprisonment of Mr. Leonard. As such, this action is brought against them and the City of Santa Monica (together as "Defendants"). Mr. Leonard was at Spokes 'N Stuff when he was unjustly accused of shoplifting. The police were called and approached Mr. Leonard with guns drawn. They then began an excessive and unnecessary physical accost of Mr. Leonard by slamming him onto the ground. Also, once Mr. Leonard was in handcuffs, and without giving a command or warning that a police K-9 would be unleashed, a K-9 Officer deliberately released the dog upon Mr. Leonard causing severe injury to his right leg. The K-9 Officer intentionally failed to retrieve the dog and did not attempt to restrain the K-9 or have it release its bite on Mr. Leonard's leg within a reasonable period of time. The animal was permitted to chew and maul Mr. Leonard nonstop for two (2) to three (3) minutes after he had already surrendered to Defendants.

2. The use of force against Mr. Leonard to seize his person was unconstitutional and violated clearly established federal and state laws that would have been known to any reasonable law enforcement agent.

## JURISDICTION AND VENUE

3. This case arises under 42 U.S.C. §1983. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

4. Mr. Leonard's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative

2

facts, as Mr. Leonard's federal questions claims, this Court has subject matter jurisdiction over Mr. Leonard's pendent state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (e) in that (1) the unlawful actions challenged herein occurred in the Central District; and (2) all of the parties reside in the Central District.

6. On September 24, 2018, Plaintiff through his attorney of record forwarded a Government Claim notification to the City of Santa Monica.

7. On October 29, 2018, Defendant City of Santa Monica notified Plaintiff of their rejection of the Plaintiff's Government claims per Government Code § 945.6.

## **PLAINTIFF**

8. Jovane Leonard, at all relevant times was a resident of the County of Los Angeles, State of California.

## **DEFENDANTS**

9. DOES ONE (1) through DOES (10) are police officers, that were duly authorized employees and agents of the City, and were acting under color of law within the course and scope of his or her perspective duties as a police officer and with the complete authority and ratification of his principal, City. DOES ONE (1) through DOES (10) are being sued in their individual capacity.

10. Each named Defendant is a natural person except for Defendant City of Santa Monica ("City"), which is, and at all times herein mentioned was, a political subdivision of the State of California, duly organized and existing under the laws of the State of California.

11. Mr. Leonard is unaware of the true identities and capacities of DOES ONE (1) through DOES TEN (10), inclusive. Each of the fictitiously named Defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Mr. Leonard will seek leave to amend this Complaint

3

to allege the true identities and capacities of those fictitiously named defendants when they are determined.

12. At all relevant times, DOES ONE (1) through DOES (10) were police officers and employees of the City of Santa Monica. Liability under California law for Defendant City and its employees, including the DOES ONE (1) through DOES TEN (10) Defendants, is based upon California Government Code § 815.2 and § 820 and/or Civil Code §§ 43. Mr. Leonard complied with the requirements of the California Tort Claims Act and timely filed a tort claim with Defendant City of Santa Monica on September 24, 2018 which was denied on October 29, 2018.

13. Each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant. At all times herein mentioned, each and every Defendant herein had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other defendant herein. Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority, or the alleged acts and omission of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

14. At all times relevant to this Complaint, each Defendant acted under the color of state law.

15. Each of the individual Defendants was in some way responsible for the constitutional violations alleged in this Complaint.

16. In committing the acts alleged in this complaint Defendants acted knowingly, maliciously and with reckless or callous disregard for the constitutional rights of Mr. Leonard, justifying an award of punitive damages, under federal and California law against each individual Defendant.

## FACTUAL ALLEGATIONS

17. On June 25, 2018, Mr. Leonard was trying on sunglasses at Spokes 'N Stuff store in Santa Monica, California. He decided not to make a purchase and began leaving the store when a clerk unjustly accused him of shoplifting.

18. Police were called and arrived on the scene with guns drawn on Mr. Leonard. Without any verbal warning, they proceeded to use excessive and unnecessary physical force by body-slamming Plaintiff face down to the ground. They then proceeding to handcuff Plaintiff.

19. When Mr. Leonard was handcuffed he attempted to turn around on his back so he could ask the officers what they were doing. Then, without warning, DOE ONE (1), a K-9 handler for the City of Santa Monica Police Department, released his K-9 and commanded it to seek and attack Mr. Leonard. DOE "1" failed to provide any advanced warnings to Mr. Leonard that a dog was about to be unleashed on him.

20. At the time of the incident, it was approximately between 11am and noon, where there was plenty of light outside for officers to see that Mr. Leonard was compliant. There was no reason for officers to believe that Mr. Leonard was armed with any weapons or being combative in any way.

21. Once the K-9 apprehended Mr. Leonard, it viciously bit down upon his right leg. Gripping while shaking it's head back-and-forth with a chunk of Mr. Leonard's leg in its mouth. This went on for two (2) to three (3) tortuous minutes.

22. During the assault, Mr. Leonard was compliant, nevertheless, the K-9 handler did not order his dog off of Mr. Leonard's leg, allowing it to tear and gnaw at his leg.

23. Once the K-9 detached from Mr. Leonard's leg, he began bleeding excessively, and his injuries were so severe, he was transported by ambulance to UCLA Medical Center, Santa Monica where they bandaged his gnarled leg which had chunks missing, hanging skin, as well as exposed internal muscles, tendons,

and bone.

24. Given his extensive injuries, in the early morning hours of September 26, 2018, Mr. Leonard was taken to LAC+USC Medical Center where he spent approximately two weeks in the hospital, as he was not discharged until July 11, 2018. During this extensive period he underwent surgery and other corrective treatment.

25. Mr. Leonard again went for emergency services at LAC+USC Medical Center due to his injuries on July 16, 2018, and underwent corrective surgery on July 17, 2018 and August 7, 2018.

26. As a result of the Defendants' acts of excessive force, Mr. Leonard suffered significant injuries- including but not limited to severe mauling, tearing, and shearing to his right leg, permanent disfiguration and complications that affect Mr. Leonard's daily life.

**FIRST CLAIM FOR RELIEF**
**UNREASONABLE SEARCH AND SEIZURE &**
**EXCESSIVE FORCE (42 U.S.C. § 1983)**
**(Against All Defendants)**

27. The allegations set forth in paragraphs 1, 2, and 18 through 27 are incorporated herein by reference.

28. Defendants, while working as officers for the City of Santa Monica Police Department, and acting within the course and scope of their duty, released a vicious K-9 dog without warning, with the intent to inflict serious injury, when Mr. Leonard was unjustifiably accused of shoplifting. Mr. Leonard was not a threat to Defendants or the public.

29. Defendants further failed to remove and release the K-9 within a reasonable period of time and allowed the animal to inflict devastating injuries with no justification nor probable cause.

30. All aforementioned acts were in violation of Mr. Leonard's right to

6

be secure in his person against unreasonable seizure guaranteed by the Fourth Amendment to the United States Constitution.

31. Mr. Leonard is informed and believes and hereon alleges that the acts of the individual Defendants was willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Mr. Leonard's rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

32. As a direct and legal result of Defendants' acts and omissions, and the ensuing injuries to Mr. Leonard, Mr. Leonard has suffered damages, including, without limitation, medical expenses, loss of earnings, and the past and future pain and suffering all to his general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

## SECOND CLAIM FOR RELIEF
## FAILURE TO TRAIN-MUNICIPAL LIABILITY
### (42 U.S.C. § 1983)
### (Against City and DOES 1-10)

33. The allegations set forth in paragraphs 1, 2, and 18 through 27 are incorporated herein by reference.

34. Defendants City and DOES ONE (1) through DOES TEN (10) possessed the power and authority to hire and fire employees of the City of Santa Monica's Police Department, based upon information and belief, and negligently hired DOES ONE (1) through DOES TEN (10), entrusted them with the following duties: protect citizens, conduct reasonable investigations based upon reasonable beliefs that persons have been harmed, or property has been stolen or destroyed, and cause persons who commit crimes on property to be arrested.

35. By virtue of the foregoing, Defendants owed Mr. Leonard a duty of due care, and that duty was breached by Defendants' negligent and careless manner in hiring, training, supervising and retaining by, among other things:

7

a) Failing to adequately train its officers, including the K-9 dog and its handler involved in the attack, in the use of force, as well as constitutional limitations in the use of force;

b) Failing to adequately train its officers in identifying a person that presents a threat of force or violence, as opposed to one that does not;

c) Failing to adequately train its officers in identifying a person that poses an immediate risk of escape, as opposed to one that does not;

d) Failing to adequately investigate background, training and experience of an officer and his propensity for violence;

e) F ailing to provide adequate supervisory control over the actions of its officers in regard to adequate training, supervision, equipment, planning, oversight, and administration;

f) Failing to train its K-9 handlers in the evaluation and recognition of dogs that have a propensity to cause excessive injury and therefore unfit for duty;

g) Failing to discipline its officers who allow their K-9 dogs to engage in excessive and unreasonable force when apprehending suspects; and

h) Sanctioning, condoning and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty.

36. As a direct and proximate cause of the aforementioned acts of Defendants, Mr. Leonard was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

37. By reason of the aforementioned policies and practices of Defendants and DOES ONE (1) through DOES TEN (10), inclusive, Mr. Leonard was injured in his health, strength and activity, and sustained great injuries and damage as described elsewhere herein.

## THIRD CLAIM FOR RELIEF
## MUNICIPAL LIABILITY FOR POLICY, CUSTOM, ETC.-
## *MONELL* (42 U.S.C. § 1983)
### (Against City and DOES 1-10)

38. The allegations set forth in paragraphs 1, 2, and 18 through 27 are incorporated herein by reference.

39. At all times herein mentioned the unknown named employees of the City of Santa Monica were employees acting under the direction and control of Defendant City. Defendant City and the unknown named employees of the City of Santa Monica knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments to the United States Constitution. These customs, policies, practices and usages required and encouraged the employment, deployment and retention of persons, as peace officers, who have a propensity for violence, excessive force, dishonesty, and additional abuses of their duties as peace officers in the employment of Defendant City.

40. Defendant City and DOES ONE (1) through DOES TEN (10) knowingly maintained or permitted an official policy or custom of permitting the occurrences of the types of wrongs alleged herein by, among other things, failing and refusing to meaningfully investigate or discipline police officers known to have repeatedly violated the constitutional rights of the public.

41. Additionally, Defendant City and DOES ONE (1) through DOES TEN (10) have displayed a deliberate indifference to the rights of citizens and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), the City of Santa Monica is liable for all injuries sustained by Mr. Leonard as set forth herein.

42. Defendant City and DOES ONE (1) through DOES TEN (10) bear liability because their policies, practices and/or customs were a cause of

9

Plaintiff's injuries. Defendants City, DOES ONE (1) through DOES TEN (10), and their officials maintained or permitted a policy, practice and custom of permitting, encouraging and ratifying the use of unnecessary and unreasonable force, false arrest, and acting with reckless indifference to the constitutional rights of members of the public by its police officers by, among other things:

    a) Failing to adequately train and supervise police officers with respect to constitutional limits on use of force, arrest, and detention;

    b) Failing to discipline officers known to have a propensity for violence, the use of unnecessary and unreasonable force, false arrest and/or dishonesty;

    c) Continuing to assign such officers to duties where they are likely to, and indeed do, injure members of the public;

    d) Writing false reports and giving false testimony to cover up acts of misconduct, including, but not limited to, the use of unnecessary force, false arrest and/or dishonesty by its officers and thereby conveying to them its approval and/or lack of concern about police misconduct;

    e) Refusing to discipline adequately individual officers and employees found to have committed similar acts of abuse and misconduct;

    f) Refusing to investigate competently and impartially allegations of abuse and misconduct alleged to have been committed by officers of the City of Santa Monica Police Department, including the allegations made by Plaintiff in this case;

    g) Planting evidence or withholding evidence in favor of the participant officers to favor the same officers' version of the police misconduct;

h) Reprimanding, threatening, intimidating, demoting firing and otherwise retaliating against officers who reported acts of abuse by other officers;

i) Rewarding police officers who displayed aggressive and abusive behavior toward detainees, arrestees, and members of the public;

j) Condoning and participating in the practice of reducing or dismissing criminal charges against individuals in return for releasing the City of Santa Monica and employees of the City of Santa Monica Police Department from civil liability;

k) Condoning and encouraging officers' beliefs that they can violate the rights of persons, such as the Plaintiff, with impunity and such conduct will not adversely affect their opportunities for promotion and other employment benefits;

l) Promoting and/or acquiescing in the policy of stopping, detaining, questioning, arresting and shooting members of the public without probable cause or reasonable suspicion;

m) Sanctioning, condoning and approving a department wide code of silence, a euphemism for perjury and dishonesty by peace officers; and

n) Ratification by the highest levels of authority the specific unconstitutional acts alleged in this Complaint.

43. On or about June 25, 2018, and for some time prior thereto, Defendant City knew or should have known, that the Defendant officers and DOES ONE (1) through DOES TEN (10) had propensities for violence, dishonesty, and for abusing their authority but failed to discipline, and ratified, acquiesced in, authorized or directed the violent acts and abuses of power committed by these officers.

44. As a direct and legal result of the aforementioned wrongful acts of the individual Defendants, and the aforementioned policy, pattern, practice or custom of the City of Santa Monica, Defendants violated the rights of Mr. Leonard as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

45. Defendants' acts and omissions as herein alleged proximately caused Mr. Leonard's injuries.

46. As a direct and legal result of Defendants' acts and omissions, and the ensuing injuries to Mr. Leonard, Mr. Leonard has suffered damages, including, without limitation, medical expenses, loss of earnings, and the past and future pain and suffering all to his general and special damages according to proof, including Attorney's fees, costs of suit, and other pecuniary losses not yet ascertained.

47. By reason of the aforementioned acts and omissions of Defendants, Mr. Leonard was compelled to secure the services of an attorney at law to redress the wrongs described herein. As a result, Mr. Leonard is indebted and liable for legal costs, including attorneys' fees.

## **FOURTH CLAIM FOR RELIEF**
## **NEGLIGENCE**
**(Against All Defendants)**

48. The allegations set forth in paragraphs 1, 2, and 18 through 27 are incorporated herein by reference.

49. Defendants owed a duty of care toward Mr. Leonard and were required to use reasonable diligence to ensure that Mr. Leonard was not harmed by Defendants' acts or omissions. Defendants' actions and omissions were negligent and reckless, including but not limited to:

    a) The negligent tactics and handling of the physical assault against Mr. Leonard by the subject K-9 dog and its handler;

    b) The negligent use of force against Mr. Leonard;

c) The failure to properly train, supervise, and discipline employees, including the individual Defendants and the subject K-9 dog;

d) The negligent treatment of Mr. Leonard after he received serious injuries from the K-9 attack;

e) The negligent hiring, retention and assignment of its employees, including the individual Defendants; and

f) The negligent failure to promptly remove the K-9 from the bite.

50. As a direct and legal result of Defendants' acts and omissions, and the ensuing injuries to Mr. Leonard, Mr. Leonard has suffered damages, including, without limitation, medical expenses, loss of earnings, and the past and future pain and suffering all to his general and special damages according to proof, including Attorney's fees, costs of suit, and other pecuniary losses not yet ascertained.

51. As a direct and legal result of their conduct, Defendants are liable for Mr. Leonard's damages, either because they were integral participants in the negligence, or because they failed to intervene to prevent these violations.

**FIFTH CLAIM FOR RELIEF**
**BATTERY (State)**
**(Against Defendant DOES 1-10)**

52. The allegations set forth in paragraphs 1, 2, and 18 through 27 are incorporated herein by reference.

53. Defendants DOES ONE (1) through DOES TEN (10), while working as officers for the City of Santa Monica Police Department, and acting within the course and scope of their duties, intentionally used force against Mr. Leonard by deploying their K-9 on Mr. Leonard as he was acting in compliance with officers' commands and not posing a threat to the officers or those around

13

him. Mr. Leonard suffered significant injuries, including, but not limited to, severe mauling, tearing, and shearing to his leg, permanent disfiguration and complications that affect Mr. Leonard's daily life. DOES ONE (1) through TEN (10), had no legal justification for using force against Mr. Leonard, and their deployment of the K-9 while carrying out their police officers duties was unreasonable.

54. Mr. Leonard suffered harm, as a direct and proximate result of the conduct of DOES ONE (1) through DOES TEN (10), as alleged above.

55. City is vicariously liable for the wrongful acts of DOES ONE (1) through DOES TEN (10), pursuant to § 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

56. The conduct of DOES ONE (1) through DOES TEN (10), was malicious, wanton, oppressive, and accomplished with a conscious disregard for Mr. Leonard's rights, entitling Mr. Leonard to an award of exemplary and punitive damages.

57. Mr. Leonard also seeks general and special damages under this claim.

### SIXTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (State)
### (Against All Defendants)

58. The allegations set forth in paragraphs 1, 2, and 18 through 27 are incorporated herein by reference.

59. Defendants DOES ONE (1) through DOES (10), as set forth above, was outrageous, malicious, and reckless.

60. Defendants intended to cause Plaintiff physical injury and emotional distress, knowing that Plaintiff was present when the conduct occurred. Defendants DOES ONE (1) through DOES (10)'s conduct caused Plaintiff's

severe emotional distress.

## SEVENTH CLAIM FOR RELIEF
### FALSE ARREST/ FALSE IMPRISONMENT (State)
### (Against All Defendants)

61. The allegations set forth in paragraphs 1, 2, and 18 through 27 are incorporated herein by reference.

62. DOES ONE (1) through DOES TEN (10), while working as City of Santa Monica Police Officers for the City of Santa Monica's Police Department, and acting within the course and scope of their duties, intentionally deprived Mr. Leonard of his freedom of movement by the use of force, threats of force, menace, fraud, deceit, and unreasonable duress. DOES ONE (1) through DOES TEN (10), detained and arrested Plaintiff without reasonable suspicion or probable cause.

63. Mr. Leonard did not knowingly or voluntarily consent.

64. The conduct of DOES ONE (1) through DOES TEN (10), was a substantial factor in causing Mr. Leonard's harm.

65. City is vicariously liable for the wrongful acts of DOES ONE (1) through DOES TEN (10), pursuant to § 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

66. The conduct of DOES ONE (1) through DOES TEN (10), was malicious, wanton, oppressive, and accomplished with a conscious disregard for Mr. Leonard' rights, entitling him to an award of exemplary and punitive damages.

## EIGHTH CLAIM FOR RELIEF
### VIOLATION OF THE BANE ACT (State)
### (Against All Defendants- Cal. Civ. Code § 52.1)

67. The allegations set forth in paragraphs 1, 2, and 18 through 27 are

incorporated herein by reference.

68. DOES ONE (1) through DOES TEN (10) attempted to interfere with and did interfere with the rights of Mr. Leonard's freedom of speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure by threatening and committing violent acts against Plaintiff.

69. Plaintiff reasonably believed that if he exercised his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, DOES ONE (1) through DOES TEN (10) would commit violent acts against him.

70. DOES ONE (1) through DOES TEN (10) injured Mr. Leonard in order to prevent him from exercising his free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure and retaliated against him for having exercised such.

71. The conduct of DOES ONE (1) through DOES TEN (10) was a substantial factor in causing harm to Mr. Leonard.

72. City of Santa Monica is vicariously liable for the wrongful acts of DOES ONE (1) through DOES TEN (10), pursuant to § 815.2 of the California Government Code, which provides that a public entity is liable for the injuries cause by its employees within the scope of their employment if the employee's act(s) would subject him or her to liability.

73. The conduct of DOES ONE (1) through DOES TEN (10) was malicious, wanton, oppressive, and carried out with a conscious disregard for the rights of Plaintiff, entitling him to an award of exemplary and punitive damages.

74. Mr. Leonard seeks economic damages, general and punitive damages, along with reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's request entry of judgment in his favor and against Defendants as follows:

    a. For general and compensatory damages, including loss of earnings, medical costs under federal and state law, and interest, in an amount to be proven at trial;

    b. For punitive damages against individual defendants in an amount to be proven at trial;

    c. For reasonable costs of this suit and attorney's fees pursuant 42 U.S.C. § 1988 and C.C. §52.1; and

    d. For such further relief as the Court may deem just, proper, and appropriate.

Dated: November 20, 2018        THE SEHAT LAW FIRM, PLC

By:*/s/ Cameron Sehat*
Attorney for Plaintiff,
Jovane Leonard

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury.

Dated: November 20, 2018        THE SEHAT LAW FIRM, PLC

By:*/s/ Cameron Sehat*
Attorney for Plaintiff,
Jovane Leonard